# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA (ATLANTA)

GEORGIA AQUARIUM, INC.,

    Plaintiff,

        v.

PENNY PRITZKER, et al.,

    Defendants.

CASE NO. 1:13-cv-03241-AT

## DEFENDANTS' ANSWER

Penny Pritzker, in her official capacity as United States Secretary of Commerce, the National Oceanic and Atmospheric Administration ("NOAA"), and the National Marine Fisheries Service ("NMFS") (collectively, "Defendants"), by and through their undersigned attorneys, answer the claims and allegations of the September 30, 2013 Complaint of Plaintiff Georgia Aquarium ("Plaintiff" or "Georgia Aquarium").  ECF No. 1 ("Complaint").  The sections and numbered paragraphs in this Answer correspond to the sections and numbered paragraphs in the Complaint.[1]

---

[1] Plaintiff's claims are reviewed pursuant to the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.  Under the APA, the appropriate standard for judicial review is whether the federal agency decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with

# **INTRODUCTION**

1.      The first sentence in paragraph 1 characterizes Plaintiff's lawsuit, which requires no response.  The allegations in the second sentence of paragraph 1 consist of legal conclusions that require no response.  To the extent a response is required, Defendants deny that NMFS violated the Marine Mammal Protection Act ("MMPA"), 16 U.S.C. §1361, <u>et</u> <u>seq.</u>, or otherwise acted unlawfully.

2.      The allegations in the first sentence of paragraph 2 purport to characterize Plaintiff's permit application, which speaks for itself and is the best evidence of its contents.   Any allegations contrary to its plain language and meaning are denied.  The allegations in the second sentence of paragraph 2 purport to characterize the findings of the cited research program.   These findings speak for themselves and are the best evidence of their contents.   Any allegations

---

law." 5 U.S.C. § 706(2)(A). Further, the "task of the reviewing court is to apply the appropriate . . . standard of review . . . to the agency decision based on the record the agency presents to the reviewing court." <u>Pres. Endangered Areas of Cobb's History v. U.S. Army Corps of Eng'rs</u>, 87 F.3d 1242, 1246 (11th Cir. 1996) (citation omitted). The court "is not required to resolve any facts in a review of an administrative proceeding. . . . the function of the court is to determine whether as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." <u>Fla. Keys Citizens Coal. v. U.S. Army Corps of Eng'rs</u>, 374 F. Supp. 2d 1116, 1126 (S.D. Fla. 2005) (citations omitted).Thus, the allegations of fact in the Complaint and any responses contained in an answer are not relevant to the judicial review sought in this action. Nonetheless, Federal Defendants herein respond to the numbered paragraphs of the Complaint.

contrary to their plain language and meaning are denied.  The allegations in the third sentence of paragraph 2 purport to characterize an apparent unattributed oral statement by NMFS staff.  This allegation is vague and ambiguous and is denied on that basis.

3.     The allegations in paragraph 3 purport to characterize material in Plaintiff's permit application, which speaks for itself and is the best evidence of its contents.  Any allegations as to the contents of that application that are contrary to its plain language and meaning are denied.

4.     The allegations in the first sentence of paragraph 4 purport to characterize the MMPA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied. Defendants admit the allegations in the second and third sentences of paragraph 4.

5.     The allegations in paragraph 5 purport to characterize Plaintiff's case and consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny that they violated the MMPA or otherwise acted unlawfully.

6.     The allegations in paragraph 6 purport to characterize the MMPA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

## PARTIES, JURISDICTION, AND VENUE

7.     The allegations in paragraph 7 characterize Plaintiff's lawsuit and consist of legal conclusions, which require no response.

8.     As to the allegations in the first sentence of paragraph 8, Defendants admit that Georgia Aquarium is located in Atlanta.  Defendants lack sufficient information regarding the remaining allegations in the first sentence of paragraph 8, and deny them on that basis.  The allegations in the second sentence of paragraph 8 consist of legal conclusions, which require no response.  Defendants lack sufficient information regarding the allegations in the third and fourth sentences of paragraph 8, and deny them on that basis.

9.     As to the first sentence in paragraph 9, Defendants admit that Penny Pritzker is the Secretary of Commerce.  The remaining allegations in the first sentence of paragraph 9 characterize Plaintiff's lawsuit and require no response. Defendants admit the allegations in the second sentence of paragraph 9.

10.     Defendants admit the allegations in paragraph 10.

11.     Defendants admit the allegations in paragraph 11.

12.     The allegations in the first sentence of paragraph 12 purport to characterize the MMPA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

4

The allegations in the second sentence of paragraph 12 include legal conclusions regarding Plaintiff's principal place of business, which require no response. Defendants admit that the Complaint was filed within 60 days of the issuance of NMFS' August 5, 2013 decision memorandum ("Decision Memorandum") denying Plaintiff's permit application.

13.    The allegations in paragraph 13 purport to characterize the APA, which speaks for itself and is the best evidence of its contents, and consist of legal conclusions, which require no response.  Any allegations contrary to the plain language and meaning of the APA are denied.

14.    The allegations in paragraph 14 purport to characterize 28 U.S.C. §§ 1331 and 1361, which speak for themselves and are the best evidence of their contents, and consist of legal conclusions, which require no response.  Any allegations contrary to the plain language and meaning of 28 U.S.C. §§ 1331 and 1361 are denied.

15.    The allegations in paragraph 15 consist of legal conclusions, which require no response.  To the extent a response is required, Defendants deny the allegations.

## <u>LEGAL BACKGROUND</u>

16.     The allegations in paragraph 16 purport to characterize the MMPA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

17.     The allegations in paragraph 17 purport to characterize the MMPA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

18.     The allegations in paragraph 18 purport to characterize the MMPA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

19.     The allegations in paragraph 19 purport to characterize certain congressional hearings and reports, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

20.     The allegations in paragraph 20 purport to characterize the MMPA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

21.    The allegations in paragraph 21 purport to characterize the MMPA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

22.    The allegations in paragraph 22 purport to characterize the MMPA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

23.    The allegations in the first and second sentences of paragraph 23 purport to characterize the MMPA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.  Defendants admit the third sentence of paragraph 23.

24.    The allegations in paragraph 24 purport to characterize NMFS' regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

25.    The allegations in paragraph 25 purport to characterize NMFS' regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

26.     The allegations in paragraph 26 purport to characterize the MMPA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

## FACTUAL BACKGROUND

27.     As to the first sentence in paragraph 27, Defendants admit that Plaintiff holds beluga whales, but lack sufficient information regarding the remaining allegations in the sentence, and deny them on that basis.  Defendants lack sufficient information regarding the allegations in the second sentence of paragraph 27, and deny them on that basis.  The allegations in the third sentence of paragraph 27 purport to characterize Plaintiff's license from the Animal and Plant Health Inspection Service ("APHIS") of the U.S. Department of Agriculture, which speaks for itself and is the best evidence of its contents.   Any allegations contrary to its plain language and meaning are denied.  The allegations in the fourth sentence of paragraph 27 consist of legal conclusions, which require no response.

28.     Defendants lack sufficient information regarding the allegations in paragraph 28 and deny them on that basis.

29.    As to the allegations in paragraph 29, Defendants admit that Plaintiff maintains belugas and harbor seals.   Defendants lack sufficient information regarding the remaining allegations in paragraph 29 and deny them on that basis.

30.    As to the allegations in the first sentence of paragraph 30, Defendants admit that Plaintiff holds marine mammals for public display purposes but otherwise lack sufficient information regarding the allegations and deny them on that basis.   The allegations in the second and third sentences of paragraph 30 purport to characterize Plaintiff's mission statement, which speaks for itself and is the best evidence of its contents.   Any allegations contrary to its plain language and meaning are denied.

31.    Defendants lack sufficient information regarding the allegations in paragraph 31 and deny them on that basis.

32.    Defendants lack sufficient information regarding the allegations in paragraph 32 and deny them on that basis.

33.    Defendants lack sufficient information regarding the allegations in paragraph 33 and deny them on that basis.

34.    The allegations in the first sentence of paragraph 34 are vague and ambiguous and are therefore denied.   Defendants lack sufficient information regarding the allegations in the second and third sentences of paragraph 34 and

deny them on that basis.  The allegations in the fourth sentence of paragraph 34 purport to characterize unidentified studies, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

35.    Defendants admit that Plaintiff is a member of the identified associations, and understand that members are required to meet certain standards, but otherwise lack sufficient information regarding the allegations in paragraph 35 and deny them on that basis.

36.    The allegations in paragraph 36 purport to characterize public hearing testimony provided in connection with Plaintiff's permit application, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

37.    The allegations in paragraph 37 purport to characterize public hearing testimony provided in connection with Plaintiff's permit application, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

38.    The allegations in paragraph 38 purport to characterize a report of the U.S. Commission on Ocean Policy, which report speaks for itself and is the best

evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

39.    Defendants lack sufficient information regarding the allegations in the first sentence of paragraph 39 and deny them on that basis.  The allegations in the second sentence of paragraph 39 purport to characterize public hearing testimony provided in connection with Plaintiff's permit application, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

40.    Defendants lack sufficient information regarding the allegations in the first sentence of paragraph 40 and deny them on that basis.  The allegations in the second sentence of paragraph 40 are vague, ambiguous, and speculative, and are denied on that basis.

41.    The allegations in paragraph 41 are vague, ambiguous, and speculative, and are denied on that basis.

42.    Defendants lack sufficient information regarding the allegations in paragraph 42 and deny them on that basis.

43.    Defendants lack sufficient information regarding the allegations in paragraph 43 and deny them on that basis.

44.     Defendants lack sufficient information regarding the allegations in paragraph 44 and deny them on that basis.

45.     Defendants admit the allegations in the second sentence of paragraph 45.  The allegations in the fifth sentence of paragraph 5 purport to characterize material in Plaintiff's permit application, which speaks for itself and is the best evidence of its contents.  Any allegations as to the contents of that application that are contrary to its plain language and meaning are denied.   The remaining allegations of paragraph 45 are vague, ambiguous, and speculative, and are denied on that basis.

46.     The allegations in paragraph 46 purport to characterize the Aquarium's mission statement, which speaks for itself and is the best evidence of its contents.   Any allegations contrary to its plain language and meaning are denied.

47.     The allegations in the first sentence of paragraph 47 are vague, ambiguous, and speculative, and Defendants deny them on that basis, and aver that Plaintiff has not applied for a research permit.   The remaining sentences in paragraph 47 purport to characterize public hearing testimony provided in connection with Plaintiff's permit application, which speaks for itself and is the

best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

48.   The allegations in paragraph 48 purport to characterize comments on Plaintiff's permit application, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to its plain language and meaning are denied.

49.   The allegations in paragraph 49 purport to characterize comments on Plaintiff's permit application, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to its plain language and meaning are denied.

50.   Defendants lack sufficient information regarding the allegations in paragraph 50 and deny them on that basis.

51.   Defendants lack sufficient information regarding the allegations in the first and third sentences of paragraph 51 and deny them on that basis. The allegations in the second sentence of paragraph 51 are vague, ambiguous, and speculative, and Defendants deny them on that basis and aver that Plaintiff has not applied for a research permit.  As to the allegations in the fourth sentence, Defendants admit only that Georgia Aquarium provided staff, equipment, and funding for certain beluga whale studies in Alaska.

52.     Defendants lack sufficient information regarding the allegations in paragraph 52 and deny them on that basis.

53.     Defendants lack sufficient information regarding the allegations in the first sentence of paragraph 53 and deny them on that basis.  The allegations in the second sentence of paragraph 53 are vague, ambiguous, and speculative, and are denied on that basis.

54.     The allegations in paragraph 54 purport to characterize material in Plaintiff's permit application, which speaks for itself and is the best evidence of its contents.  Any allegations as to the contents of that application that are contrary to its plain language and meaning are denied.

55.     Defendants admit that Russia issues permits for the collection of beluga whales from the Sea of Okhotsk, but otherwise lack sufficient information regarding the allegations in paragraph 55 and deny them on that basis.

56.     Defendants lack sufficient information regarding the allegations in paragraph 56 and deny them on that basis.

57.     The first and second sentences of paragraph 57 purport to characterize material in Plaintiff's permit application, which speaks for itself and is the best evidence of its contents.  Any allegations as to the contents of that application that are contrary to its plain language and meaning are denied.  The third sentence of

14

paragraph 57 purports to characterize the cited 2011 report of the International Union for the Conservation of Nature and Natural Resources ("IUCN"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

58.     The allegations in paragraph 58 purport to characterize material in Plaintiff's permit application, which speaks for itself and is the best evidence of its contents. Any allegations as to the contents of that application that are contrary to its plain language and meaning are denied.

59.     The allegations in paragraph 59 purport to characterize material in Plaintiff's permit application, which speaks for itself and is the best evidence of its contents. Any allegations as to the contents of that application that are contrary to its plain language and meaning are denied.

60.     The allegations in paragraph 60 purport to characterize material in Plaintiff's permit application, which speaks for itself and is the best evidence of its contents. Any allegations as to the contents of that application that are contrary to its plain language and meaning are denied.

61.     The allegations in paragraph 61 purport to characterize material in Plaintiff's permit application, which speaks for itself and is the best evidence of its

contents.  Any allegations as to the contents of that application that are contrary to its plain language and meaning are denied.

62.    The allegations in paragraph 62 purport to characterize material in Plaintiff's permit application, which speaks for itself and is the best evidence of its contents.  Any allegations as to the contents of that application that are contrary to its plain language and meaning are denied.

63.    The allegations in paragraph 63 purport to characterize material in Plaintiff's permit application, which speaks for itself and is the best evidence of its contents.  Any allegations as to the contents of that application that are contrary to its plain language and meaning are denied.

64.    The allegations in paragraph 64 purport to characterize material in Plaintiff's permit application, which speaks for itself and is the best evidence of its contents.  Any allegations as to the contents of that application that are contrary to its plain language and meaning are denied.

65.    The allegations in the first three sentences of paragraph 65 purport to characterize material in Plaintiff's permit application, which speaks for itself and is the best evidence of its contents.  Any allegations as to the contents of that application that are contrary to its plain language and meaning are denied.  The

allegations in the fourth sentence of paragraph 65 contain legal conclusions, for which no response is required.

66.    The allegations in the first, second, third, and fourth sentences of paragraph 66 purport to characterize material in Plaintiff's permit application, which speaks for itself and is the best evidence of its contents.  Any allegations as to the contents of that application that are contrary to its plain language and meaning are denied.  The allegations in the sixth sentence of paragraph 66 purports to characterize material in Plaintiff's permit application and in the 2011 IUCN report referenced in the Complaint, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied. Defendants lack sufficient information regarding the allegations in the fifth and seventh sentences of paragraph 66 and deny them on that basis.

67.    The allegations in paragraph 67 purport to characterize material in Plaintiff's permit application, which speaks for itself and is the best evidence of its contents.  Any allegations as to the contents of that application that are contrary to its plain language and meaning are denied.

68.    The allegations in paragraph 68 purport to characterize the cited 2011 IUCN report, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

69.    The allegations in the first and second sentences of paragraph 69 purport to characterize the MMPA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.  The allegations in the third sentence of paragraph 69 purport to describe NMFS' methodology for calculating potential biological removal ("PBR"), as reflected in NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.  The allegations in the fourth and fifth sentences of paragraph 69 purport to characterize the cited 2011 IUCN report, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

70.    The allegations in paragraph 70 purport to characterize and compare the cited 2011 IUCN panel report and NMFS' methodology for calculating PBR, as reflected in NMFS' Decision Memorandum. Both the IUCN report and NMFS' Decision Memorandum speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

The allegations in the third and fourth sentences of paragraph 70 also are vague and ambiguous, and are denied on that additional basis.

71.    The allegations in the first, second, and third sentences of paragraph 71 purport to characterize the cited 2011 IUCN report, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.  The allegations in the fourth sentence of paragraph 71 purport to characterize and compare the cited 2011 IUCN panel report and NMFS' methodology for calculating PBR, as reflected in NMFS' Decision Memorandum, both of which speak for themselves and are the best evidence of their contents. The allegations in the fifth sentence of paragraph 71 purport to characterize material in Plaintiff's permit application, which speaks for itself and is the best evidence of its contents.  Any allegations as to the contents of that application that are contrary to its plain language and meaning are denied.

72.    The allegations in the first sentence of paragraph 72 purport to characterize the cited 2011 IUCN report, which speaks for itself and is the best evidence of its contents.   Any allegations contrary to its plain language and meaning are denied.   The remaining allegations in paragraph 72 purport to characterize material in Plaintiff's permit application, which speaks for itself and is

the best evidence of its contents.   Any allegations as to the contents of that application that are contrary to its plain language and meaning are denied.

73.     The allegations in paragraph 73 purport to characterize material in Plaintiff's permit application, which speaks for itself and is the best evidence of its contents.  Any allegations as to the contents of that application that are contrary to its plain language and meaning are denied.

74.     The allegations in paragraph 74 purport to characterize material in Plaintiff's permit application, which speaks for itself and is the best evidence of its contents.  Any allegations as to the contents of that application that are contrary to its plain language and meaning are denied.

75.     The allegations in the first sentence of paragraph 75 purport to characterize material in Plaintiff's permit application, which speaks for itself and is the best evidence of its contents.   Any allegations as to the contents of that application that are contrary to its plain language and meaning are denied.  The allegations in the second sentence purport to characterize the 2011 IUCN report cited in the Complaint, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied. The allegations in the third sentence of paragraph 75 purport to characterize NMFS' methodology for calculating PBR, as reflected in NMFS' Decision

Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.  The allegations in the second and third sentences of paragraph 75 also are speculative, and are denied on that additional basis.

76.    The allegations in paragraph 76 purport to characterize the cited IUCN panel's findings, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

77.    Defendants admit that NMFS denied Plaintiff's permit application, and that NMFS' Decision Memorandum is dated August 5, 2013.

78.    The allegations in paragraph 78 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

79.    The allegations in the first sentence of paragraph 79 purport to characterize the regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied. The allegations in the second sentence of paragraph 79 purport to characterize NMFS' Decision Memorandum, which

speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

80.    The allegations in the first sentence of paragraph 80 purport to characterize the regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied. The allegations in the second sentence of paragraph 80 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

81.    The allegations in the first sentence of paragraph 81 purport to characterize the regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.  The allegations in the second sentence of paragraph 81 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

82.    The allegations in the first sentence of paragraph 82 purport to characterize the regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain

language and meaning are denied.  The allegations in the second and third sentences of paragraph 82 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

83.   The allegations in the first sentence of paragraph 83 purport to characterize the regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.  The allegations in the second sentence of paragraph 83 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

84.   The allegations in the first sentence of paragraph 84 purport to characterize the regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.  The allegations in the second sentence of paragraph 84 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

85.     The allegations in the first sentence of paragraph 85 purport to characterize the regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.  The allegations in the second sentence of paragraph 85 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

86.     The allegations in the first sentence of paragraph 86 purport to characterize the regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.  The allegations in the second sentence of paragraph 86 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

87.     The allegations in the first sentence of paragraph 87 purport to characterize the MMPA and the regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.  The allegations in the second sentence of paragraph 87 purport to characterize NMFS' Decision

Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

88.    The allegations in the first sentence of paragraph 88 purport to characterize the MMPA and the regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.  The allegations in the second sentence of paragraph 88 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

89.    The allegations in the first sentence of paragraph 89 purport to characterize the MMPA and the regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.  The allegations in the second sentence of paragraph 89 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

90.    The allegations in the first sentence of paragraph 90 purport to characterize the MMPA and the regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Any allegations

contrary to their plain language and meaning are denied.  The allegations in the second sentence of paragraph 90 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

91.    The allegations in the first sentence of paragraph 91 purport to characterize the MMPA and the regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.  The allegations in the second sentence of paragraph 91 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

92.    The allegations in the first and second sentences of paragraph 92 purport to characterize unattributed oral conversations with NMFS staff.  This allegation is vague and ambiguous and is denied on that basis. The allegations in the third sentence of paragraph 92 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

93.    The allegations in the first, second, and third sentences of paragraph 93 purport to characterize Plaintiff's draft permit application, which speaks for

itself and is the best evidence of its contents.  Any allegations as to the contents of the draft application that are contrary to its plain language and meaning are denied. The allegations in the fourth and fifth sentences of paragraph 93 purport to characterize NMFS' written comments on the draft application, which speak for themselves and are the best evidence of their contents.  Any allegations as to the written comments that are contrary to their plain language and meaning are denied. The allegations in the sixth sentence of paragraph 93 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

94.    The allegations in paragraph 94 purport to characterize a Federal Register notice of the receipt of Plaintiff's permit application and NMFS' Decision Memorandum, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied. Defendants further aver that finding an application is complete means the agency's deliberative process can begin; it does not mean that the applicant has demonstrated that the legal requirements for the permit are met.

95.    The allegations in paragraph 95 purport to characterize the cited Draft Environmental Assessment, which speaks for itself and is the best evidence of its

contents.  Any allegations contrary to its plain language and meaning are denied.

Defendants also aver that "proposing" a federal action is merely part of the

agency's deliberative process; it in no way predicts the outcome of this process.

96.    The allegations in the first sentence of paragraph 96 purport to

characterize apparent unattributed oral conversations with NMFS staff.  This

allegation is vague and ambiguous and is denied on that basis.  Defendants deny

the allegations in the second sentence of paragraph 96, and aver that an agency

action is not final until the deliberative process has ended and a final decision is

issued.

97.    The allegations in the first sentence of paragraph 97 purport to

characterize apparent unattributed oral conversations with NMFS staff.  This

allegation is vague and ambiguous and is denied on that basis.  Defendants deny

the allegations in the second sentence of paragraph 97.

98.    The allegations in the first sentence of paragraph 98 purport to

characterize apparent unattributed oral conversations with NMFS staff.  This

allegation is vague and ambiguous and is denied on that basis.  The allegations in

the second sentence of paragraph 98 purport to characterize the MMPA, which

speaks for itself and is the best evidence of its contents.  Any allegations contrary

to its plain language and meaning are denied.

99.   The allegations in the first and second sentences of paragraph 99 purport to characterize the MMPA, which speaks for itself and is the best evidence of its contents.   Any allegations contrary to its plain language and meaning are denied.   The allegations in the third sentence of paragraph 99 purport to characterize the written comments of the U.S. Marine Mammal Commission on Plaintiff's permit application, which speak for themselves and are the best evidence of their contents.   Any allegations contrary to their plain language and meaning are denied.  The allegations in the fourth sentence of paragraph 99 purport to characterize the written comments of APHIS on Plaintiff's permit application, which speak for themselves and are the best evidence of their contents.   Any allegations contrary to their plain language and meaning are denied.

## FIRST CLAIM FOR RELIEF

100.   Defendants incorporate by reference each and every response and averment in the preceding paragraphs of this answer.

101.   The allegations in the first sentence of paragraph 101 purport to characterize the regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.  The second and third sentences of paragraph 101 purport to characterize NMFS' Decision Memorandum, which speaks for itself

29

and is the best evidence of its contents.   Any allegations contrary to its plain language and meaning are denied.

102.   The allegations in paragraph 102 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

103.   The allegations in paragraph 103 purport to characterize material in Plaintiff's permit application, which speaks for itself and is the best evidence of its contents.  Any allegations as to the contents of that application that are contrary to its plain language and meaning are denied.

104.   The allegations in paragraph 104 purport to characterize the cited "Severtsov Study," which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

105.   The allegations in paragraph 105 purport to characterize the cited IUCN report, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

106.   The allegations in paragraph 106 purport to characterize the IUCN report cited in the Complaint, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

107.   The allegations in the first and second sentences of paragraph 107 purport to characterize findings of the IUCN panel, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.   Defendants lack sufficient information regarding the allegations in the third sentence of paragraph 107 and deny them on that basis.

108.   The allegations in paragraph 108 purport to characterize findings of the IUCN panel, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

109.   The allegations in paragraph 109 purport to characterize findings of the IUCN panel, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

110.   The allegations in paragraph 110 purport to characterize the findings of the IUCN panel, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

111.   The allegations in the first, second, and third sentences of paragraph 111 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.  The allegations in the fourth and fifth sentences

of paragraph 111 characterize Plaintiff's case and consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny that NMFS' decision was unlawful.

112.   The allegations in the first sentence of paragraph 112 purport to characterize unidentified NMFS decisions, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.  In addition, the allegations are vague and non-specific and are denied on that additional basis.  The allegations in the second sentence of paragraph 112 purport to characterize NMFS' written comments on Plaintiff's permit application, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied. The allegations in the third sentence of paragraph 112 consist of legal conclusions, to which no response is required.   To the extent that a response is required, Defendants deny that they acted unlawfully.

113.   The allegations in paragraph 113 purport to characterize NMFS' Decision Memorandum, which speaks for itself and provides the best evidence of its contents.   Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 113 also characterize Plaintiff's case and consist of legal conclusions, to which no response is required. To the extent that a

response is required to these allegations, Defendants deny that they acted unlawfully.

114.   The allegations in paragraph 114 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

115.   The allegations in paragraph 115 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

116.   The allegations in paragraph 116 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

117.   The allegations in paragraph 117 purport to characterize NMFS' Decision Memorandum and a research report, which speak for themselves and are the best evidence of their contents.   Any allegations contrary to their plain language and meaning are denied.

118.   The allegations in paragraph 118 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

119.   The allegations in paragraph 119 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

120.   The allegations in paragraph 120 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

121.   The allegations in paragraph 121 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

122.   The allegations in paragraph 122 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

123.   The allegations in the first and second sentences of paragraph 123 characterize Plaintiff's case and consist of legal conclusions, to which no response is required.   To the extent that a response is required, Defendants deny the allegations.   The allegations in the third sentence of paragraph 123 purport to characterize findings of the IUCN panel, which speak for themselves and are the best evidence of their contents.   Any allegations contrary to their plain language and meaning are denied.

124.    The allegations in the first sentence of paragraph 124 characterize Plaintiff's case and consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny the allegations. The allegations in the second sentence of paragraph 124 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied. The allegations in the third sentence of paragraph 124 purport to characterize the IUCN report cited in the Complaint, which speaks for itself and is the best evidence of its contents.   Any allegations contrary to its plain language and meaning are denied.  The allegations in the fourth sentence of paragraph 124 are speculative and are denied on that basis.  The allegations in the fifth sentence of paragraph 124 characterize Plaintiff's case, for which no response is required.  To the extent that a response is required, Defendants deny the allegations.

125.    The allegations in paragraph 125 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

126.    The allegations in the first, third, fifth, sixth and seventh sentences of paragraph 126 purport to characterize material in Plaintiff's permit application, which speaks for itself and is the best evidence of its contents.  Any allegations as

to the contents of that application that are contrary to its plain language and meaning are denied.  The allegations in the fourth sentence of paragraph 126 are speculative and are denied on that basis.   The allegations in the second, eighth, and ninth sentences of paragraph 126 characterize Plaintiff's case, for which no response is required.  To the extent that a response is required, Defendants deny the allegations.

127.   The allegations in the first sentence of paragraph 127 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.   Any allegations contrary to its plain language and meaning are denied.  The allegations in the fourth, fifth, and sixth sentences of paragraph 127 purport to characterize the cited satellite tagging studies, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.  The allegations in the seventh sentence of paragraph 17 purport to characterize the cited satellite tagging studies and the cited beluga whale population estimate, both of which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.  The allegations in the second, third, and eighth sentences of paragraph 127 characterize Plaintiff's case, for which no

response is required.  To the extent a response is required, Defendants deny the allegations.

128.  The allegations in the first sentence of paragraph 128 purport to characterize the MMPA and the regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.  The allegations in the remaining sentences of paragraph 128 characterize Plaintiff's case and consist of legal conclusions, to which no response is required.  To the extent that a response is required, Defendants deny that they acted unlawfully.

## SECOND CLAIM FOR RELIEF

129.  Defendants incorporate by reference each and every response and averment in the preceding paragraphs of this answer.

130.  The allegations in the first sentence of paragraph 130 purport to characterize the regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.  The allegations in the second and third sentences of paragraph 130 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

131.   The allegations in the first and second sentences of paragraph 131 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.   Any allegations contrary to its plain language and meaning are denied.   The allegations in the third and fourth sentences of paragraph 131 purport to characterize the MMPA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.   The allegations in the fifth sentence of paragraph 131 characterize Plaintiff's case and consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

132.   The allegations in the first sentence of paragraph 132 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.   Any allegations contrary to the plain language and meaning are denied.   The allegations in the second sentence of paragraph 132 purport to characterize material in Plaintiff's permit application, which speaks for itself and is the best evidence of its contents.  Any allegations as to the contents of the application that are contrary to its plain language and meaning are denied.

133.   The allegations in paragraph 133 purport to characterize the cited Draft Environmental Assessment, which speaks for itself and is the best evidence

of its contents.  Any allegations contrary to its plain language and meaning are denied.

134.  The allegations in paragraph 134 purport to characterize the cited Final Environmental Assessment, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

135.  The allegations in paragraph 135 purport to characterize both the Draft Environmental Assessment and NMFS' Decision Memorandum, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied. The allegations in paragraph 135 also consist of legal conclusions, which require no response.  To the extent a response is required, Defendants deny the allegations.

136.  The allegations in paragraph 136 purport to characterize NMFS' Decision Memorandum and material in Plaintiff's permit application, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

137.  The allegations in the first sentence of paragraph 137 purport to characterize the MMPA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

The remaining allegations in paragraph 137 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny that they have acted unlawfully.

## THIRD CLAIM FOR RELIEF

138. Defendants incorporate by reference each and every response and averment in the preceding paragraphs of this answer.

139. The allegations in paragraph 139 purport to characterize the MMPA and the regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

140. The allegations in paragraph 140 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

141. The allegations in paragraph 141 purport to characterize material in Plaintiff's permit application, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

142. Defendants admit the allegations in the first sentence of paragraph 142, but aver that a lactating mother and her nursing calf are not always found next to each other at all times, including at the time of capture. The allegations in the

second and third sentences of paragraph 142 purport to characterize material in Plaintiff's permit application, which speaks for itself and is the best evidence of its contents.  Any allegations as to the contents of the application that are contrary to its plain language and meaning are denied.

143.   The allegations in paragraph 143 purport to characterize material in Plaintiff's permit application, which speaks for itself and is the best evidence of its contents.  Any allegations as to the contents of the application that are contrary to its plain language and meaning are denied.

144.   The allegations in paragraph 144 purport to characterize material in Plaintiff's permit application, which speaks for itself and is the best evidence of its contents.  Any allegations as to the contents of the application that are contrary to its plain language and meaning are denied.

145.   The allegations in paragraph 145 purport to characterize NMFS' Decision Memorandum, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

146.   The allegations in the first sentence of paragraph 146 purport to characterize the MMPA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied. The remaining allegations in paragraph 146 characterize Plaintiff's case and

consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny that they acted unlawfully.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's request for relief, which requires no response.  To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, that are not expressly admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

Plaintiff fails to state a claim on which relief can be granted.

The Court lacks jurisdiction for one or more of Plaintiff's claims.

Dated:        January 3, 2014                 Respectfully Submitted,

                                              ROBERT G. DREHER, Acting
                                              Assistant Attorney General
                                              SETH M. BARSKY, Chief
                                              KRISTEN L. GUSTAFSON,
                                              Assistant Chief


                                              /s/ *Clifford E. Stevens, Jr.*
                                              CLIFFORD E. STEVENS, JR.
                                              Trial Attorney
                                              U.S. Department of Justice

42

Environment & Natural Resources
Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Phone: (202) 353-7548
Fax: (202) 305-0275
Email: clifford.stevens@usdoj.gov

/s/ *Lisa D. Cooper*
LISA D. COOPER
U.S. Attorney's Office-Atlanta
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
Phone: (404) 581-6249
Email: lisa.cooper@usdoj.gov

Attorneys for Federal Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.


*/s/ Clifford E. Stevens, Jr.*
Clifford E. Stevens, Jr.